**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **DAN CHEN** | **CIVIL ACTION NO. 6:26-CV-00293 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **PAMELA BONDI ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by pro se Petitioner Dan Chen ("Chen"), an immigration detainee at South Louisiana ICE Processing Center in Basile, Louisiana. Chen seeks release from detention.

Because there is no significant likelihood of Chen's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition be GRANTED..

## I. Background

Chen is a native and citizen of China who was ordered removed on July 9, 2001. Her appeal was dismissed on September 26, 2002.[1]

On July 12, 2011, Chen reported to the Philadelphia ICE Office following her I-130 interview. ICE ERO processed Chen and released her on an Order of Supervision ("OSUP"). Doc. 7-1 at 1. Chen's OSPU was revoked August 16, 2012,

[1] https://acis.eoir.justice.gov/en/caseInformation

but a new OSUP was issued on October 24, 2012. *Id.* at 2. On September 3, 2025, Chen's OSUP was revoked and she was re-detained. *Id.* On October 23, 2025, a travel document request was "placed in the mail room." *Id.* The travel document request "remains pending." *Id.*

## II. <u>Law and Analysis</u>

The Court has jurisdiction to consider Chen's challenge to her continued detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that

alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release her. *Id.; see also* 8 C.F.R. § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, at 4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Chen's removal order became final on September 26, 2002, and she has been detained since September 3, 2025, so the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); *see also Altayb v. U.S. Immigration & Customs Enf't*, 1:25-

CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), *recommendation adopted* 2026 WL 544292 (W.D. La. Feb. 26, 2026).

Chen asserts that there is no significant likelihood of her removal in the foreseeable future because the Government has been unable to remove her for the past 23 years; China has consistently refused to accept its nationals subject to removal from the United States, particularly those who sought political asylum; and China has not accepted her for repatriation. ECF No. 1 at 15-16.

The burden therefore shifts to the Government to rebut Chen's showing with evidence demonstrating that removal is significantly likely in the reasonably foreseeable future. Rather than rebutting Chen's showing, the Government's own evidence largely corroborates her contention that removal remains speculative. According to the declaration of Assistant Field Office Director Charles Ward, ICE sent a travel document request to China on October 23, 2025, and has received no response. ECF No. 7-1 at 2.

After more than 10 months of post-final-order detention, and over 23 years since the removal order became final, the Government's evidence establishes only that it continues to await a response from China. Nothing in the Ward Declaration provides a basis to conclude that China is likely to issue travel documents in the reasonably foreseeable future. Instead, the Declaration establishes only that ICE submitted a request and continues to wait for a response. The Declaration contains

no information indicating that China acknowledged receipt of the request, responded to the request, or otherwise communicated with ICE regarding Chen's repatriation. ECF No. 7-1 at 2.

Courts in this District have held that the Government's burden to furnish evidence demonstrating that removal is significantly likely in the reasonably foreseeable future is not met by a pending request for travel documents alone. *See Nguyen v. Bowen*, 25-CV-1560, 2026 WL 1179066, at *5 (W.D. La. Apr. 14, 2026), *recommendation adopted*, 2026 WL 1172680 (W.D. La. Apr. 29, 2026) ("Respondents provide no evidence—or reasons to conclude—that a travel document is forthcoming"); *Johnson v. Young*, 2013 WL 1571938, at *2 (W.D. La. Feb. 11, 2013), *recommendation adopted*, 2013 WL 1571272 (W.D. La. Apr. 12, 2013) (the argument that the Jamaican consulate had not yet refused to issue travel documents was insufficient to meet the Government's burden); *Fermine v. Dir. of Immigr. & Customs Enf't*, 2007 WL 2284606, at *4 (W.D. La. May 23, 2007); (finding no significant likelihood of removal in the reasonably foreseeable future where ICE was continuing efforts to obtain a travel document, and Trinidad had not yet refused the request).

The Declaration indicates that Chen's removal is no more likely now than it was 23 years ago, and the request for a travel document has gone unanswered. Whatever latitude § 1231(a)(6) affords the Government for temporary, good-faith

efforts to secure travel documents, it does not authorize indefinite civil detention based solely on speculative or undefined possibilities of removal. *See Zadvydas*, 533 U.S. at 689–701.

## III. Conclusion

Because there is no significant likelihood of Chen's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition be GRANTED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 20th day of July, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE